I respectfully dissent. In my view, we are not faced with a final appealable order to review. Here, though the hearing only consisted of fifteen actual days of testimony, the matter lasted over a twenty-one month period. This situation of non-consecutive days of hearing, fails, in my view, to adhere to the adjudicative responsibility of a judge to dispose of matters promptly; further, although the motion had been filed July 10, 1990, the juvenile court journalized its order on January 29, 1998, almost seven and one-half years later! The record here amply supports the notion that the problem is systemic and not that of the judge who conducted this particular hearing. I believe, however, the case represents another example of why cases ought to be tried to conclusion on consecutive days.
My review of the court's order reveals a current support order of $4,697.00 per month with an additional $1,530.00 per month ordered to be paid * * * in reduction of the amount owed and relating to the difference between the Interim Order of Support of One Thousand Five Hundred and 00/100 Dollars ($1,500.00) per month, commencing July 10, 1990, and the current Order of Support Four Thousand Six Hundred Ninety-Seven and 00/100 Dollars ($4,697.00), per month * * *.
My difficulty is that the math is fuzzy. The calculated difference between the interim order and the current order is $3,197.00, not $1,530.00; further, the court has not allocated or decreed its intention regarding the $1,667.00 discrepancy. In addition, I do not believe the record reflects any justification for the arbitrary selection of $1,530.00 as the added amount.
Since I believe the court has not fully adjudicated the amounts involved in that it has arbitrarily ordered $1,530.00 paid as indicated but not accounted for the $1,667.00 discrepancy, I do not believe we have a final appealable order. Accordingly, I would remand this matter to the trial court for further proceedings not inconsistent with this opinion.